Mastín, J.
delivered the opinion of the court.
In the matter of John L. Riddell, tutor to the minor, Frederick Banks, re-. moved from said office by the judge of probates for the city and parish of New Orleans; the tutor took a rule on the judge to show cause why he should not grant a suspensive appeal from said order of removal. The judge showed for cause: 1. That the minor would be without a tutor during the pendency •of the appeal; the tutor appointed not having.yet given the security required. 2. The judgment rendered is one of those which are executed provisionally. 3. The judgment'is preparatory to the appointment of a tutor and relative thereto.
The facts of this case, as we understand them from the argument, [483] are these: a tutor had been fix-st apppointed to the minoi-, and dispensed, by a family meeting, from giving security. On his leaving the State, the present applicant for the appeal was appointed, and contends, that as his predecessor was dispensed fi-om giving secux’ity, he was also. On complaint, he was removed, and a third person appointed tutor to the minor. It is from the judgment thus removing him and appointing anothex-, that he seeks and claims a suspensive appeal.
It appeai-s to us clear, that the judge of probates properly refused it. Had lie granted the appeal, the minor would have been without a legal protector during the pendency of the appeal. Against this, we have an express textual provision of law. The Code of Practice, 680, provides that some judgments are to be provisionally executed, notwithstanding and without prejudice to the right of appeal. Judgments relating to the appointment of tutors are among these. The rule is therefore discharged.